CHARLES S. BEARDSLEE ADS. CHARLES UNDERHILL.

B. covenanted with U. that, for certain considerations, among others, the conveyance to him by U. of certain real estate, if the titles were satisfactory on both sides, to convey to U. a farm and the personal prop-

erty thereon; in an action brought by U. against B. on the agreement, *held*—

1. That B. could not properly reject the title of U. by a simple expression of dissatisfaction, based upon no sufficient legal reason; if the title was good in law, or if it was what the law holds to be a merchantable title, he was bound to be satisfied.

2. If, however, the title of U. is imperfect, by reason of the existence of the inchoate right of dower of the wife of a former owner of the real estate, the title cannot be satisfactory, and no recovery can be had by U. on the agreement of sale.

In covenant.

Rule to show cause why the finding in favor of the plaintiff should not be set aside and a new trial granted.

Argued at November Term, 1874, before BEASLEY, Chief Justice, and Justices DALRIMPLE, DEPUE and SCUDDER.

For the defendant, *A. V. Schenck.*

For the plaintiff, *Dixon.*

The opinion of the court was delivered by

DALRIMPLE, J.    This action is brought on articles of agreement entered into between the plaintiff and defendant, whereby the defendant covenanted, for certain considerations, among others, the conveyance to him by plaintiff of certain real estate, if titles were satisfactory on both sides, to convey to plaintiff a farm and the personal property thereon. The breach assigned, is the defendant's refusal to convey. The defendant's excuse is, that the plaintiff's title was not satisfactory. If the title was good in law, or, rather, if it was what the law holds to be a merchantable title, the defendant was bound to be satisfied. He could not properly reject the title by a simple expression of dissatisfaction based upon no sufficient legal reason. This is the doctrine held in the cases of *Folliard* v. *Wallace*, 2 *Johns. R.* 395, and *Lord* v. *Stephens*, 1 *Younge & Coll.* 222. See also *Dart on Vendors and Purchasers* 70.

It appears that the abstract of title presented by the plaintiff showed that his title was originally in one Peter Lorillard, who, by deed, in which his wife joined, conveyed it in the year 1844, to one James G. Gregory. It is noted on the abstract that the acknowledgment of this deed is defective. After divers mesne conveyances, the title became vested, in the year 1861, in Eliza M. Gregory, wife of James G. Gregory. In the year 1865, Lorillard made to James G. Gregory a deed of confirmation for the purpose, as expressed, of correcting the informality in the certificate of acknowledgment of the original deed. It is not now necessary to decide whether this deed could enure to the benefit of James G. Gregory's grantee—Gregory's deed being without recital or covenant of title. The deed of confirmation does not purport to convey title. I think, however, it may be held to be at least equivalent to a re-acknowledgment of the original deed, so as to make the record of that deed constructive notice to subsequent purchasers and encumbrancers. If in this I am correct, the original deed was not in law recorded till the deed of confirmation was recorded. But Mrs. Lorillard was not a party to the last named deed. The legal presumption is, that she is still alive. As the case stood at the trial, the plaintiff's title appeared imperfect, because of Mrs. Lorillard's inchoate right of dower. That was not barred, if her acknowledgment of the deed signed by her is defective. If it had been shown that that right had been extinguished, I see no reason why the plaintiff should not have had a verdict. But, upon the evidence advanced, it clearly appeared that his title could not have been satisfactory, and he should have been non-suited, or verdict rendered for the defendant.

The rule to show cause must be made absolute.

The CHIEF JUSTICE, and Justices DEPUE and SCUDDER concurred.